OPINION
Appellant, Rachel Christison, appeals the decision of the Clermont County Court of Common Pleas, Juvenile Division, granting permanent custody of her minor children to the Clermont County Department of Jobs and Family Services ("the department"). We affirm the decision of the trial court.
Appellant is the biological mother of Dawna Jo ("DJ") Haag (DOB 8/29/97) and Austin Christison (DOB 2/2/99). Joseph Haag is the biological father of Dawna Jo; Aaron Christison is the biological father of Austin. Appellant is married to Christison, but the couple has separated.
The department first became involved with appellant in April 1998 when appellant left DJ unattended in an apartment. At that time, DJ was approximately six months old. The trial court adjudicated DJ to be a neglected child and granted temporary custody of DJ to the department. In an effort to reunify appellant with DJ, the department created a case plan, which the trial court adopted. According to the plan, appellant was to obtain her GED, stable employment, permanent housing, parenting training, substitute care for DJ, and a substance abuse assessment.
Appellant made progress according to the case plan and DJ was returned to her custody in June 1999, subject to protective supervision by the department. In the interim, appellant gave birth to Austin. The trial court adjudicated Austin to be a dependent child due to appellant's history with DJ.
Months later, in the fall of 1999, Christison seriously beat DJ. Appellant reported the incident to the police and the department. DJ and Austin remained in appellant's custody, subject to the continuing protective supervision of the department.
Appellant continued to reside in Christison's apartment. Christison frequently visited the apartment. However, appellant claimed that Christison only came to the apartment when she and the children were not home. As a result of the alleged continuing contact between appellant and Christison, the department sought custody of DJ and Austin.
After conducting a hearing on the matter, the trial court granted temporary custody of DJ and Austin to the department. The trial court concluded that appellant was unable to take responsibility for the well-being and security of the children. The trial court again adopted a case plan created by the department in an attempt to reunify appellant with her children.
Despite Christison's abuse of DJ, appellant continued to reside with him for some time. They worked together amicably at a local restaurant and were seen engaging in a public display of affection.
Appellant made little significant progress with her case plan. She failed to obtain stable employment and housing. She did not obtain her GED or driver's license. Appellant accumulated a support arrearage of approximately $2,000 and was twice found in contempt for nonpayment.
The department sought permanent custody of the children from the trial court. After conducting hearings on the matter, the trial court granted permanent custody of DJ and Austin to the department. Appellant appeals the decision of the trial court and raises two assignments of error.[1]
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FINDING THAT THE CHILDREN COULD NOT OR [SIC] BE PLACED WITH EITHER PARENT OR SHOULD NOT BE PLACED WITH EITHER PARENT.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT IT WAS IN THE BEST INTERESTS OF THE MINOR CHILDREN TO GRANT THE MOTION OF PERMANENT CUSTODY.
In her assignments of error, appellant challenges the trial court's decision to grant permanent custody to the department. She first argues that the trial court erred by finding that the children cannot and should not be placed with her. Second, she maintains that the trial court lacked clear and convincing evidence that is in the best interest of the children to grant permanent custody of them to the department.
Natural parents have a constitutionally protected liberty interest in the care and custody of their children. Santosky v. Kramer (1982),455 U.S. 745, 102 S.Ct. 1388. A motion by the state to terminate parental rights "seeks not merely to infringe that fundamental liberty interest, but to end it." Id. at 759, 102 S.Ct. at 1397. In order to satisfy due process, the state is required to prove by clear and convincing evidence that the statutory standards have been met before parental rights may be terminated. Id. at 769, 102 S.Ct. at 1403. "Clear and convincing evidence" requires that the proof "produced in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. A reviewing court will not reverse a finding by a trial court that the evidence was clear and convincing unless there is a sufficient conflict in the evidence presented. Id. at 479.
A trial court may not award permanent custody of a child to a state agency unless the agency satisfies two statutory factors. First, the agency must demonstrate that an award of permanent custody is in the best interest of the child. R.C. 2151.414(B)(2). Second, the agency must show that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent.Id.
When determining whether it would be in the best interest of the child to grant permanent custody of the child to an agency, a juvenile court should consider all relevant factors, which include but are not limited to the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
R.C. 2151.414(D).
In this case, the trial court found by clear and convincing evidence that it would be in the best interest of DJ and Austin to award permanent custody to the department. The trial court found that the children need the type of legally secure placement that can be provided by an award of custody to the department. The children need stability, and the record demonstrates that appellant is incapable of providing a stable environment for them. Although appellant can provide for the children's daily needs, the trial court found that they could not rely upon her for long-term stability. Appellant does not have a residence of her own. She has had many different jobs during the pendency of the case. At the time of the permanent custody hearings, appellant was unemployed and had recently been released from jail. The record demonstrates that both children have been in the custody of the department for twelve or more consecutive months, during which time appellant failed to remedy the conditions that led to the removal of the children.
Thus, there is sufficient evidence in the record for the trial court to formulate a firm belief or conviction that it is in the best interest of DJ and Austin to grant permanent custody to the department.
In addition to determining the child's best interest, however, the court must make a second determination before granting permanent custody: it must determine whether the child can be placed with a parent within a reasonable time or should not be placed with the parent. R.C.2151.414(B)(1)(a). The court is required to enter a finding that the child cannot be placed with a parent within a reasonable time if any factors set forth in R.C. 2151.414(E) apply, including the following:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
* * *
 (3) The parent committed any abuse as described in section 2151.031 of the Revised Code against the child, caused the child to suffer any neglect as described in section 2151.03 of the Revised Code, or allowed the child to suffer any neglect as described in section 2151.03 of the Revised Code between the date that the original complaint alleging abuse or neglect was filed and the date of the filing of the motion for permanent custody;
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
* * *
 (14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
* * *
(16) Any other factor the court considers relevant.
The trial court specifically found in this case that DJ and Austin cannot and should not be placed with appellant. The record in this case demonstrates that appellant failed to remedy the conditions that caused the children to be removed from the home. Even after Christison severely abused DJ, appellant continued to reside with him. Although she denied having contact with him, witnesses testified that she worked with him and was affectionate toward him.
Dr. Joseph V. Cresci, Jr. evaluated appellant on two occasions. He testified that appellant is an impulsive, chronically angry woman, who makes extensive use of denial. He found appellant to be highly manipulative and dishonest. Dr. Cresci opined that these qualities impede appellant from both successful parenting and beneficial therapy. He also noted that appellant failed to take responsibility for anything in her life.
The record validates Dr. Cresci's evaluation of appellant. She blamed an unidentified man for leaving DJ unattended when she was a baby. She faulted the department for her inability to complete the case plan. She testified that the witnesses who observed her with Christison were mistaken. She blamed the local legal aid office for her failure to divorce Christison, despite the introduction of letters from the office stating that appellant failed to conduct necessary follow-up. Appellant also has a pending theft charge against her, but she contends that the complaining party is mistaken about the incident.
The record also demonstrates that appellant has had numerous jobs, some of which lasted only two weeks before she terminated employment. At the time of the hearings, she was unemployed. She has lived with a number of different people, including friends and her grandmother. She has not acquired stable housing. She has failed to keep court dates for pending criminal charges and was released from jail shortly before the hearings.
Thus, there is clear and convincing evidence in the record to support the trial court's determination that it is in the best interest of DJ and Austin to grant permanent custody to the department, and that they cannot and should not be placed with appellant. Accordingly, appellant's first and second assignments of error are overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] Joseph Haag is incarcerated. Appellant is separated from Christison and his whereabouts are unknown. Neither father completed any case plans adopted by the trial court nor has appeared in court regarding this case. The trial court found the children could not and should not be placed with either man. Neither has appealed the trial court's decision.